UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

FAMAYIA WILLIS,

    Plaintiff,

v.                                                                                  CASE NO.:

GOLDFINGER GENTLEMEN'S CLUB, LLC,
A Florida Limited Liability Company

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff FAMAYIA WILLIS (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant GOLDFINGER GENTLEMEN'S CLUB, LLC (hereinafter "Defendant"), and states the following:

### NATURE OF CASE

1. This is a claim by Plaintiff against her former employer for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and the Florida Constitution, Article. X § 24.

2. All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their

families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship. Fla. Const. Art X § 24(a). In 2004, the Florida legislature adopted this section of the constitution which specifically mandated that all employers shall pay employees wages no less than the minimum wage for all hours worked in Florida, including tipped employees. Fla. Const. Art X § 24(c).

3. As a result, and for the violation of the listed statutes, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## **PARTIES**

4. Plaintiff was hired by Defendant in or around October 2020.

5. At the time of her termination, Plaintiff worked for Defendant as an entertainer.

6. Defendant owns, controls, and operates an adult dance club business in the state of Florida including the location where Plaintiff was employed.

## JURISDICTION & VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims.

9. The acts and omissions giving rise to this action occurred in Sunrise, Florida.

10. Defendant conducts business in Sunrise, Florida.

11. Plaintiff was employed with Defendant in Sunrise, Florida.

12. Venue is proper in because the illegal conduct occurred within the judicial district in and for this District.

## FLSA ENTERPRISE COVERAGE

13. At all material times (2020-2023), Defendant was an enterprise subject to the FLSA's provision on minimum wage and overtime wages.

14. At all times material hereto, Defendant was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

15. At all material times (2020-2023), Defendant was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce by any person (i.e. business equipment, telephones, computers, pens, and paper).

16. Defendant's employees ran credit card transactions which engaged in interstate commerce, handling or otherwise working with materials that have been moved in or produced for interstate commerce (i.e. telephones, computers, pens, and paper).

17. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

18. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

19. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time period.

## FACTUAL ALLEGATIONS

20. Plaintiff began her employment with Defendant in October 2020.

21. Plaintiff was terminated on or around August 12, 2022.

22. During her employment, she was paid no wages by the Defendant.

23. Plaintiff only received tips from customers.

24. Plaintiff worked approximately 80 hours per week.

25. Plaintiff worked two shifts per day.

26. In addition to not being paid minimum wage, Plaintiff was also required to tip out approximately $150 per shift to other employees.

27. The tips outs included payment to three house moms, two sets of security guards, two sets of DJ's, and floor guys.

28. Plaintiff participated in a "tip pool" while working for Defendant.

29. Defendant created the tip pool.

30. Defendant required its servers to participate in the tip pool.

31. Tip pools are not intended to include "non-tipped" employees.

32. Plaintiff was required to share tips with non-tipped employees, including three house moms, two sets of security guards, two sets of DJ's, and floor guys.

33. Defendant failed to provide Plaintiff with proper notice that it would pay Plaintiff pursuant to a tip credit method.

34. Hence, Defendant violated the terms of the tip credit and Florida Constitution's provision on minimum wages.

35. As a result of these common policies, Plaintiff is entitled to receive $3.02 for each hour worked as repayment for the tip credit improperly deducted from their wages.

36. Plaintiff is also owed reimbursement of their tips that were illegally misappropriated.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

37. Plaintiff re-alleges and incorporates paragraphs 1, 3-7, and 9-35 as if fully set forth herein.

38. Plaintiff regularly worked in excess of forty (40) hours per week.

39. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours she worked in excess of forty (40) hours each workweek.

40. Plaintiff was and is entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

41. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

42. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for overtime for all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

43. Defendant failed to properly disclose or apprise Plaintiff's rights under the FLSA.

44. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

45. Plaintiff is entitled to an award of reasonable attorney's fees and

costs pursuant to 29 U.S.C. §216(b).

46. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

47. Based upon information and belief, Plaintiff is/was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff proper overtime wages.

48. Plaintiff demands a trial by jury.

49. Defendant violated Title 29 U.S.C. §207 for the relevant period of time in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant: awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per work week while employed; an equal amount in liquidated damages; awarding Plaintiff pre-judgment and/or post-judgment interest; an award of costs and expenses of this action together with reasonable attorneys' and expert fees, and any other further relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FLORIDA CONSTITUTION, ARTICLE X, § 24
## (Minimum Wage)

50.     Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1-12, and 20-36 as if fully incorporated herein.

51.     Plaintiff is entitled to be paid the full minimum wage for each hour worked during employment with Defendants.

52.     Defendants willfully failed to pay Plaintiff the full minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

53.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work during her employment with Defendants.

**WHEREFORE**, Plaintiff, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __5th__ day of October, 2023.

        Respectfully submitted,
        s/ Edward W. Wimp
        Edward W. Wimp, Esquire – LEAD COUNSEL
        FBN: 1015586
        Email: ewimp@theleachfirm.com

        Anthony Hall, Esquire
        FBN: 0040924
        Email: ahall@theleachfirm.com

        THE LEACH FIRM, P.A.
        1560 N. Orange Ave., Suite 600
        Winter Park, FL 32789
        Telephone: (407) 574-4999
        Facsimile: (833) 813-7513

        Attorneys for Plaintiff